# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLEN WILSON,<br><br>        Plaintiff,<br><br>  v.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION,<br><br>        Defendant. | Case No. 4:18-cv-00014-SLG |

## ORDER RE MOTION TO DISMISS

Before the Court at Docket 8 is Defendant Golden Valley Electric Association's ("GVEA") Motion to Dismiss. At Docket 11, Plaintiff Allen Wilson filed an opposition to the motion. No reply was filed. Oral argument was not requested and was not necessary to the Court's determination of the motion.

GVEA seeks dismissal under both Federal Rule of Civil Procedure 12(b)(1), asserting that the Court lacks subject matter jurisdiction to hear this case, and under Rule 12(b)(6), asserting that Mr. Wilson's complaint fails to state a claim for which relief can be granted.

## LEGAL STANDARDS

### I. Dismissal Under Rule 12(b)(1)

"A Rule 12(b)(1) jurisdictional attack may be facial or factual."[1] In this case, GVEA makes a fact-based challenge. In order to survive such a challenge, a plaintiff must establish and prove jurisdiction.[2] "In reviewing an order dismissing an action for lack of

---

[1] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).

[2] *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

subject matter jurisdiction, we must accept all of the plaintiff's factual allegations as true."[3] However, "unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court."[4]

## II. Dismissal Under Rule 12(b)(6)

When reviewing a Rule 12(b)(6) motion, a court considers only the pleadings and documents incorporated into the pleadings by reference, as well as matters on which a court may take judicial notice.[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully."[8] A court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."[9] When a

---

[3] *McGowan v. Scoggins*, 890 F.2d 128, 136 (9th Cir. 1989) (citing *Atkinson v. United States*, 825 F.2d 202, 204 n.2 (9th Cir. 1987)).

[4] *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (quoting *St. Clair v. City of Chino*, 880 F.2d 199, 201 (9th Cir. 1989)).

[5] *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7] *Id.* at 678.

[8] *Id.*

[9] *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Case No. 4:18-cv-00014-SLG, *Wilson v. Golden Valley Electric Association*
Order re Motion to Dismiss
Page 2 of 6

motion to dismiss for failure to state a claim is granted, a court "should freely give leave when justice so requires."[10]  But leave to amend is properly denied as to those claims for which amendment would be futile.[11]

## DISCUSSION

### I. Background

Plaintiff Allen Wilson initiated this action on April 6, 2018.[12]  He alleges that on or about July 11, 1966, power lines were installed across his property without his consent. He seeks "either . . . equitable compensation for the right of way or the lines removed from my property."[13]  He also seeks compensation for a 1977 right of way, or, again, removal of the power lines.[14]  It is undisputed that Mr. Wilson received a Land Patent from the United States government for the property in 1972.[15]

The Court takes judicial notice of the following:  GVEA's last right-of-way permit on the property expired in July 2016.  Prior to the expiration, GVEA filed an eminent domain action in the Alaska Superior Court.[16]  On December 18, 2017, the Superior Court entered a Final Judgment Determining Compensation, which award Mr. Wilson the sum of $5,240;

---

[10] Fed. R. Civ. P. 15(a).

[11] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[12] Docket 1 (Compl.) at 3.

[13] Docket 1 at 3.

[14] Docket 1 at 4.

[15] See Docket 8-1 (Land Patent) at 1.

[16] *GVEA v. Allen Wilson*, Case No. 4FA-16-01906 CI.

Case No. 4:18-cv-00014-SLG, *Wilson v. Golden Valley Electric Association*
Order re Motion to Dismiss
Page 3 of 6

that same day, the Superior Court also entered a Final Order of Condemnation, which accorded to GVEA a right-of-way easement across the property.[17]

## II. Legal Analysis

### A. Rule 12(b)(1)

Mr. Wilson has asserted that this Court has subject matter jurisdiction to hear his claim under the Homestead Act, 43 U.S.C. 164 (1970).[18] However, as he acknowledged in his opposition to the motion, that law was repealed effective October 21, 1986 for lands in the state of Alaska. Mr. Wilson asserts, however, that there was a savings provision on his patent. He attaches a notation from Title 43 of the United States Code that provides that the repeal of the statute was "not to be construed as terminating any valid lease, permit, patent, etc." existing on the date that the repeal became effective.[19] GVEA did not file any reply to this opposition and did not address this savings provision.

In light of the foregoing, the Court finds that GVEA's motion to dismiss for lack of subject matter jurisdiction is DENIED, because Mr. Wilson has pleaded a plausible basis for the Court's exercise of subject matter jurisdiction over his claim.

### B. Rule 12(b)(6)

Here, GVEA asserts, "[t]his exact case has already been litigated by the same parties in the Superior Court for the State of Alaska. The same allegations were made by Mr. Wilson in the State Court pleadings."[20] As a result, GVEA argues that Mr. Wilson

---

[17] Docket 8-3; Docket 8-4 (State Court Orders).

[18] Docket 1 at 1; *see* P.L. 94-579, Oct. 21, 1976, 90 Stat. 2743, Title VII, § 702.

[19] Docket 11-2 (Historical and Statutory Notes following 43 U.S.C. § 1701, Savings Provisions).

[20] Docket 8 at 6.

Case No. 4:18-cv-00014-SLG, *Wilson v. Golden Valley Electric Association*
Order re Motion to Dismiss
Page 4 of 6

"is precluded from recovering the relief that he requests by virtue of the application of *res judicata* and *collateral estoppel*."[21]  Mr. Wilson's opposition to the motion to dismiss does not address this argument.

Collateral estoppel, or issue preclusion, "bars relitigation, even in an action on a different claim, of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding."[22]  As a matter of full faith and credit, 28 U.S.C. § 1738 requires courts to apply the collateral estoppel principles of the state from which the judgment was entered.[23]  Under Alaska law, there are four elements for the application of collateral estoppel: "(1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action; (2) the issue precluded from relitigation is identical to the issue decided in the first action; (3) the issue was resolved in the first action by a final judgment on the merits; and (4) the determination of the issue was essential to the final judgment."[24]

Each of those elements is present here so as to preclude Mr. Wilson from maintaining this action.  Mr. Wilson was a party to the state court case: there, GVEA was the plaintiff and Mr. Wilson was the defendant.  The two issues decided in that case were (1) how much was Mr. Wilson due in compensation for GVEA's use of his property; and

---

[21] Docket 8 at 7.

[22] *Campion v. State, Dep't of Cmty. & Reg'l Affairs, Hous. Assistance Div.*, 876 P.2d 1096, 1098 (Alaska 1994) (alterations omitted) (quoting *Americana Fabrics v. L & L Textiles*, 754 F.2d 1524, 1529 (9th Cir. 1985)).

[23] *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 373 (1996) ("Federal courts may not employ their own rules in determining the effect of state judgments, but must accept the rules chosen by the State from which the judgment is taken.").

[24] *Latham v. Palin*, 251 P.3d 341, 344 (Alaska 2011).

Case No. 4:18-cv-00014-SLG, *Wilson v. Golden Valley Electric Association*
Order re Motion to Dismiss
Page 5 of 6

(2) whether GVEA should be removed from the property. Those two issues are identical to the issues Mr. Wilson has raised in his complaint in this Court. A Final Judgment Determining Compensation and a Final Order of Condemnation have been entered in the state court case. Finally, the determination of each of those issues was essential to the state court's final judgment. Therefore, collateral estoppel applies to bar Mr. Wilson from attempting to bring these same issues to the federal court. Mr. Wilson's remedy, if he was dissatisfied with the state trial court's determination, would be to seek appellate review of that decision from the Alaska Supreme Court.[25] In these circumstances, leave to amend the complaint in this case would be futile. Therefore, the dismissal of this case shall be with prejudice and without leave to amend.

For the foregoing reasons, GVEA's motion to dismiss at Docket 8 is GRANTED. Mr. Wilson has also filed a Motion for Compensation at Docket 3. In light of the foregoing, that motion is DENIED as moot. This action shall be dismissed with prejudice and without leave to amend. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 26th day of June, 2018 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[25] *But see* Alaska Rule of Appellate Procedure 204(a) (Generally, "[t]he notice of appeal shall be filed within 30 days from the date shown in the clerk's certificate of distribution on the judgment.").

Case No. 4:18-cv-00014-SLG, *Wilson v. Golden Valley Electric Association*
Order re Motion to Dismiss
Page 6 of 6